1  JON A. HEABERLIN (SBN 199810)
   SUJATA T. REUTER (SBN 232148)
2  **RANKIN | STOCK | HEABERLIN**
   96 No. Third Street, Suite 500
3  San Jose, California  95112-7709
   Telephone : (408) 293-0463
4  Facsimile : (408) 293-9514
   Emails: jheaberlin@rllss.com
5          sreuter@rllss.com

6  Attorneys for Defendants:
   CITY OF SANTA CLARA; CHIEF SELLERS;
7  SERGEANTS CARREIRA, HENRY, CLOUSE,
   HILL, HOSMAN, and RUSH; DETECTIVE
8  MEAD; OFFICERS STEPHENS, BELL,
   STEWART, NIESEN, THOMPSON,
9  GERBRANDT, CARDIN and DEGER

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                     SAN JOSE DIVISION

14

15  MUHAMMAD MONEEB;                )  Case No. 5:15-cv-1987 NC
    MUHAMMAD IKRAM; HAZAKAT         )
16  IKRAM,                          )  **DEFENDANTS' ANSWER TO COMPLAINT**
                                    )
17            Plaintiffs,           )  **DEMAND FOR JURY TRIAL**
                                    )
18  vs.                             )
                                    )
19  CITY OF SANTA CLARA; CHIEF      )
    SELLERS; SERGEANTS              )
20  CARREIRA, HENRY, CLOUSE,        )
    HILL, HOSMAN, and RUSH;         )
21  DETECTIVE MEAD; OFFICERS        )
    STEPHENS, BELL, STEWART,        )
22  NIESEN, THOMPSON,               )
    GERBRANDT, CARDIN and           )
23  DEGER; et al.                   )
                                    )
24            Defendants.           )
                                    )
25  _____ )

26     Defendants CARREIRA, HENRY, CLOUSE, HILL, HOSMAN, RUSH, MEAD,

27  STEPHENS, BELL, STEWART, NIESEN, THOMPSON, GERBRANDT, CARDIN,

28  DEGER, CHIEF SELLERS, and the CITY OF SANTA CLARA (collectively "Defendants")

                                    1

hereby answer Plaintiff's *Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial* (hereinafter the "Complaint")*, as follows:

### Jurisdiction and Intradistrict Assignment to San Jose Division

1. Defendants acknowledge the jurisdiction of the United States District Court. Defendants deny any unlawful acts or practices.

2. Defendants acknowledge the assignment to the San Jose Division. Defendants deny any unlawful acts or practices.

### Parties and Procedure

3. Defendants lack information sufficient to admit or deny this allegation and, on that basis deny it.

4. Defendants lack information sufficient to admit or deny this allegation and, on that basis deny it.

5. Defendants lack information sufficient to admit or deny this allegation and, on that basis deny it.

6. Admit to the extent "employs other defendants in this action" refers to the named individual officers, as opposed to the as-yet-unnamed Doe defendants.

7. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Defendants admit that CITY OF SANTA CLARA CHIEF OF POLICE MICHAEL SELLERS (hereinafter "Sellers") was employed as Chief of Police for the Santa Clara Police Department (hereinafter "SCPD"), and that he was acting within the course and scope of his employment, in February and March 2014. Sellers denies that he can be sued in his individual capacity in this case.

8. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. The allegation is vague as to "member of the SCPD command staff" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this

vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is therefore denied. Defendants admit that DETECTIVE SERGEANT RAY CARREIRA (hereinafter "Carreira") was employed as a law enforcement officer, with a rank of Sergeant, by SCPD in February and March 2014.

9. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. The allegation is vague as to "member of the SCPD command staff" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is therefore denied. Defendants admit that SERGEANT HENRY (hereinafter "Henry") was employed as a law enforcement officer, with a rank of Sergeant, by SCPD in February and March 2014.

10. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is therefore denied. Defendants admit that OFFICER PETER STEPHENS (hereinafter "Stephens") was employed as a law enforcement officer, with a rank of Officer, by SCPD in February and March 2014.

11. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is therefore denied. Defendants admit that OFFICER BELL (hereinafter "C. Bell") was employed as a law enforcement officer, with a rank of Officer, by SCPD in February and March 2014.

12. The allegation is vague and compound as to "at all material times" and accordingly

Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. The allegation is vague as to "member of the SCPD command staff" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is therefore denied. Defendants admit that SERGEANT CLOUSE (hereinafter "Clouse") was employed as a law enforcement officer, with a rank of Sergeant, by SCPD in February and March 2014.

13. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. The allegation is vague as to "member of the SCPD command staff" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is therefore denied. Defendants admit that SERGEANT HILL (hereinafter "Hill") was employed as a law enforcement officer, with a rank of Sergeant, by SCPD in February and March 2014.

14. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is therefore denied. Defendants admit that DETECTIVE J. MEAD (hereinafter "Mead") was employed as a law enforcement officer, with a rank of Detective, by SCPD in February and March 2014.

15. The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack sufficient information to respond to the "course and scope" allegation, and it is

1   therefore denied.  Defendants admit that OFFICER STEWART, erroneously sued as

2   Steiuart, (hereinafter "Stewart") was employed as a law enforcement officer, with a

3   rank of Officer, by SCPD in February and March 2014.

4   16.  The allegation is vague and compound as to "at all material times" and accordingly

5   Defendants lack sufficient information to respond to that portion of the allegation, and

6   it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack

7   sufficient information to respond to the "course and scope" allegation, and it is

8   therefore denied.  Defendants admit that OFFICER NIESEN (hereinafter "Niesen")

9   was employed as a law enforcement officer, with a rank of Officer, by SCPD in

10  February and March 2014.

11  17.  The allegation is vague and compound as to "at all material times" and accordingly

12  Defendants lack sufficient information to respond to that portion of the allegation, and

13  it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack

14  sufficient information to respond to the "course and scope" allegation, and it is

15  therefore denied.  Defendants admit that OFFICER THOMPSON (hereinafter

16  "Thompson") was employed as a law enforcement officer, with a rank of Officer, by

17  SCPD in February and March 2014.

18  18.  The allegation is vague and compound as to "at all material times" and accordingly

19  Defendants lack sufficient information to respond to that portion of the allegation, and

20  it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack

21  sufficient information to respond to the "course and scope" allegation, and it is

22  therefore denied.  Defendants admit that OFFICER GERBRANDT (hereinafter

23  "Gerbrandt") was employed as a law enforcement officer, with a rank of Officer, by

24  SCPD in February and March 2014.

25  19.  The allegation is vague and compound as to "at all material times" and accordingly

26  Defendants lack sufficient information to respond to that portion of the allegation, and

27  it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack

28  sufficient information to respond to the "course and scope" allegation, and it is

1    therefore denied. Defendants admit that OFFICER CARDIN (hereinafter "Cardin")

2    was employed as a law enforcement officer, with a rank of Officer, by SCPD in

3    February and March 2014.

4    20.   The allegation is vague and compound as to "at all material times" and accordingly

5          Defendants lack sufficient information to respond to that portion of the allegation, and

6          it is therefore denied. The allegation is vague as to "member of the SCPD command

7          staff" and accordingly Defendants lack sufficient information to respond to that

8          portion of the allegation, and it is therefore denied. Furthermore, as a result of this

9          vagueness, Defendants lack sufficient information to respond to the "course and

10         scope" allegation, and it is therefore denied. Defendants admit that SERGEANT

11         HOSMAN (hereinafter "Hosman") was employed as a law enforcement officer, with a

12         rank of Sergeant, by SCPD in February and March 2014.

13   21.   The allegation is vague and compound as to "at all material times" and accordingly

14         Defendants lack sufficient information to respond to that portion of the allegation, and

15         it is therefore denied. The allegation is vague as to "member of the SCPD command

16         staff" and accordingly Defendants lack sufficient information to respond to that

17         portion of the allegation, and it is therefore denied. Furthermore, as a result of this

18         vagueness, Defendants lack sufficient information to respond to the "course and

19         scope" allegation, and it is therefore denied. Defendants admit that SERGEANT

20         RUSH (hereinafter "Rush") was employed as a law enforcement officer, with a rank

21         of Sergeant, by SCPD in February and March 2014.

22   22.   The allegation is vague and compound as to "at all material times" and accordingly

23         Defendants lack sufficient information to respond to that portion of the allegation, and

24         it is therefore denied. Furthermore, as a result of this vagueness, Defendants lack

25         sufficient information to respond to the "course and scope" allegation, and it is

26         therefore denied. Defendants admit that OFFICER DEGER, erroneously sued as

27         DEGGER, (hereinafter "Deger") was employed as a law enforcement officer, with a

28         rank of Officer, by SCPD in February and March 2014.

23.  Defendant CITY OF SANTA CLARA (hereinafter the "City") denies any unlawful acts. There are no further charging allegations upon which to respond.

24.  Defendants lack sufficient information to respond to the portions of this paragraph relating to Doe defendants, and those portions are therefore denied.  Defendants deny any unlawful acts and deny that they cause injuries and damages to the Plaintiffs.

25.  The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to the first sentence of this paragraph; the first sentence is therefore denied.  Defendants admit the employment relationships set forth in the preceding paragraphs 7-22.  Defendants deny any wrongful and/or unlawful acts, and therefore deny the second sentence of this paragraph.

26.  The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied.  Defendants deny any wrongful and/or unlawful acts.

27.  The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied.  Defendants admit that on February 10, 2014, and March 27, 2014, during their interactions with the Plaintiff(s), they were acting under color of law.

28.  The allegation is vague and compound as to "at all material times" and accordingly Defendants lack sufficient information to respond to that portion of the allegation, and it is therefore denied.  Defendants deny any wrongful and/or unlawful acts.

29.  There are no charging allegations upon which to respond. Defendants deny any wrongful and/or unlawful acts.

30.  There are no charging allegations upon which to respond.

## General Allegations

31.  There are no charging allegations upon which to respond.

1    32.  Only individual officer defendants C. Bell, Stephens and Henry had any involvement

2         in the February 2014 incident.  All other defendant officers therefore deny all

3         allegations in all paragraphs of the Complaint relating to the February 2014 incident.

4         The following specific admissions and denials as to the factual allegations relating to

5         the February 2014 incident are therefore made on behalf of officers C. Bell,

6         Stephens, and Henry only. Defendants admit the date, approximate time and location

7         as listed in the first sentence. The allegation is vague and compound as to "at all

8         material times" and accordingly Defendants lack sufficient information to respond to

9         that portion of the allegation, and it is therefore denied. Defendants lack sufficient

10        information to respond to the third sentence, and it is therefore denied.  Defendants

11        had information suggesting that Plaintiff Muhammad Moneeb (hereinafter "Moneeb")

12        had committed a crime and therefore deny that "Plaintiffs had committed no crimes."

13        The allegations of the fifth sentence are vague, unintelligible, compound, lack

14        foundation, and are therefore denied. Defendants C. Bell, Stephens and Henry admit

15        that they entered the Plaintiffs' house on February 10, 2014, without a warrant and

16        without express consent.  However, Defendants deny that the officers lacked legal

17        justification for the entry and deny any wrongful and/or unlawful acts.  Defendants

18        deny that they illegally searched Plaintiffs' home on February 10, 2014. Defendants

19        admit inquiring as to the stolen dashboard camera.  Defendants deny that the

20        camera was worth $300.  Defendants lack sufficient information to respond to the

21        allegations that the last person to have possession of the camera (prior to the

22        defendant's contact with the Plaintiffs on February 10th) was Moneeb's uncle Aftab

23        Choudry, and therefore deny the allegation.  Defendants admit that they were

24        informed that the stolen property was being held by Moneeb inside the home.

25        Defendants deny any wrongful and/or unlawful acts alleged in the remainder of the

26        paragraph.

27    33.  Defendants admit that they had been informed of the allegations in the first and

28        second sentences.  Defendants admit that they had been informed that an accident

DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1     had occurred and the fact that the car had been towed to Plaintiffs' home.

2     Defendants lack sufficient information to respond to the allegations contained in the

3     last two sentences and therefore deny them. Defendants deny any wrongful and/or

4     unlawful acts alleged in the remainder of the paragraph.

5  34.  Defendants lack sufficient information to respond to the allegations contained in the

6     first sentence and therefore deny them. Defendants admit the allegations of the

7     second sentence. Defendants lack sufficient information to respond to the

8     allegations contained in the third sentence and therefore deny them. Defendants

9     admit the allegations of the fourth sentence. Defendants deny any wrongful and/or

10    unlawful acts alleged in the remainder of the paragraph.

11  35.  Defendants admit that other individuals were present, made statements instructing

12    Moneeb not to cooperate with Defendants, and that at least one of them appeared to

13    record a portion of the interaction on a cell phone video. Defendants admit that

14    Moneeb came to the SCPD station subsequent to the February 10th incident.

15    Defendants deny that Moneeb filed a complaint with the SCPD. Defendants deny

16    any wrongful and/or unlawful acts alleged in the remainder of the paragraph.

17  36.  Defendants admit that Carreira obtained a search warrant for the residence.

18    Defendants deny that the other named officers obtained search warrants for the

19    residence. Defendants admit that the search warrant was for, among other things,

20    the missing dashboard camera. Defendants deny that the camera was worth $300.

21    Defendants deny any wrongful and/or unlawful acts alleged in the remainder of the

22    paragraph.

23  37.  Defendants admit that a search warrant was procured and subsequently executed.

24    Defendants deny any wrongful and/or unlawful acts alleged in the remainder of the

25    paragraph.

26  38.  Defendants admit the date, approximate time and location as listed in the first

27    sentence. With respect to the entry/search on March 27th, defendants C. Bell and

28    Henry (officers referenced in the prior paragraphs relating to the February 2014

1    incident) deny any and all participation in the incident and therefore deny all

2    allegations in all paragraphs of the Complaint relating to the March 2014 incident.

3    Defendants Rush, Cardin and Hosman deny participation in the entry and/or search

4    of the residence and therefore deny all allegations in all paragraphs of the Complaint

5    relating to the entry and/or search in March 2014.  Defendants Rush, Hill, Clouse,

6    Mead, Deger, and Hosman deny any contact with any Plaintiff at any time and

7    therefore deny all allegations in all paragraphs of the Complaint relating to detention

8    and/or arrest of any Plaintiff, including use of force during the course of said

9    detention and/or arrest, in March 2014. Defendants deny any wrongful and/or

10   unlawful acts alleged in the remainder of the paragraph.

11   39.   Defendants admit that some of the involved officers pulled up to the residence at

12   approximately the same time as Moneeb and Plaintiff Hazamat Ikram (hereinafter

13   "Hazamat") pulled up to the residence, and other involved officers arrived later on.

14   Some officers arrived after the Plaintiffs were detained and the search had already

15   begun. Defendants lack sufficient information to respond to the allegations contained

16   in the second sentence and therefore deny them, but admit that Plaintiff Muhammad

17   Ikram (hereinafter "Muhammad") was in the front of the residence when some of the

18   involved officers arrived.  The allegations of the third sentence are vague and

19   compound as to "at all material times" and accordingly Defendants lack sufficient

20   information to respond to that portion of the allegation, and they are therefore denied.

21   Defendants deny the allegations of the fourth sentence.  Defendants deny that they

22   had no objectively reasonable information that Plaintiffs posed any threat.

23   Defendants admit that various vehicles, both marked and unmarked, arrived at

24   various times, and took various positions.  Defendants deny that all vehicles arrived

25   in a convoy, and deny use of a helicopter.  The allegations of the last sentence are

26   vague as to "battle dress uniforms" and accordingly Defendants lack sufficient

27   information to respond to that portion of the allegation, and they are therefore denied.

28   Defendants admit that officers arriving at various times were dressed in various

1    clothing including uniformed officers, plain clothes officers, and SWAT gear.

2    Defendants admit that at least one of the involved officers carried a long gun.

3    Defendants admit that a K9 unit arrived at the scene.  Defendants deny any wrongful

4    and/or unlawful acts alleged in the remainder of the paragraph.

5    40.  Defendants deny that they struck Plaintiffs' vehicle.  Defendants admit that they

6    removed Moneeb and Hazakat from their vehicle.  Defendants deny the allegations

7    of the second, third and fourth sentences.  Defendants admit that Moneeb was

8    handcuffed and placed inside a police vehicle.  Defendants deny any wrongful and/or

9    unlawful acts alleged in the remainder of the paragraph.

10   41.  Defendants admit that Plaintiff was arrested, taken to County Jail, booked and held in

11   custody.  Defendants deny that the arrest was without a warrant or probable cause.

12   Defendants lack sufficient information to respond to the allegations related to the

13   length of Moneeb's detention, and therefore deny them.Defendants deny any

14   wrongful and/or unlawful acts alleged in the remainder of the paragraph.

15   42.  Defendants deny Muhammad "posed no threat to anyone."  Defendants admit that

16   Muhammad was asked to sit on the sidewalk but deny that he was held at gunpoint.

17   Defendants admit that Muhammad did not physically resist.  Defendants admit that

18   Muhammad was photographed, and briefly handcuffed, and placed in the rear of a

19   police vehicle.  Defendants admit that Muhammad was taken out of the rear of the

20   police vehicle. Defendants deny that Muhammad was forced to sit on the hard

21   ground for 3.5 hours.  Defendants admit that they searched the residence.  Stephens

22   admits to recording his conversation with Muhammad. Defendants deny any wrongful

23   and/or unlawful acts alleged in the remainder of the paragraph.

24   43.  Defendants deny that they all pointed guns at Moneeb and deny that guns were

25   pointed in Hazamat's direction, but admit that one of the officers may have very

26   briefly raised his weapon from the low and ready position while approaching the

27   plaintiffs' vehicle from the rear.  Defendants deny that Hazamat "posed no threat to

28   anyone" and admit that Hazamat was asked to step out of her vehicle.  Defendants

admit that Hazamat was escorted away from the residence but deny that Hazamat was forced to sit on the hard ground for 3.5 hours.    Defendants deny any wrongful and/or unlawful acts alleged in the remainder of the paragraph.

44. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

45. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

46. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

47. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

48. Defendants admit that Hazamat and Muhammad were detained outside the residence during the search.  The remainder of the allegations contained in this paragraph are denied, and defendants deny any wrongful and/or unlawful acts.

49. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

50. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

51. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.  Allegations related to Moneeb's financial position and criminal case are denied on lack of sufficient information.

52. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

53. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

54. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

55. Defendants deny the allegations contained in this paragraph on lack of sufficient

1   information, and deny any wrongful and/or unlawful acts.

2   56. Defendants admit that Carreira spoke with a Department of Homeland Security

3   representative.  Defendants deny any wrongful and/or unlawful acts as alleged in this

4   paragraph.

5   57. Defendants deny the allegations contained in this paragraph, and deny any wrongful

6   and/or unlawful acts.

7   58. Defendants deny the allegations contained in this paragraph, and deny any wrongful

8   and/or unlawful acts.

9   59. Defendants admit that a timely tort claim was filed by the Plaintiffs and that the

10  Complaint was timely filed thereafter.  Remainder of the allegations are denied.

11  **Count One - 42 USC §1983**

12  60. Defendants incorporate their responses above as though restated fully herein.  There

13  are no further charging allegations upon which to respond.

14  61. Defendants deny the allegations contained in this paragraph, and deny any wrongful

15  and/or unlawful acts.

16  62. Defendants deny the allegations contained in this paragraph, and deny any wrongful

17  and/or unlawful acts.

18  63. Defendants deny the allegations contained in this paragraph, and deny any wrongful

19  and/or unlawful acts.

20  64. Defendants deny the allegations contained in this paragraph, and deny any wrongful

21  and/or unlawful acts.

22  65. Defendants deny the allegations contained in this paragraph, and deny any wrongful

23  and/or unlawful acts.

24  **Count Two - 42 USC §1983 (*Monell*)**

25  66. Defendants incorporate their responses above as though restated fully herein.  There

26  are no further charging allegations upon which to respond.

27  67. Defendants deny the allegations contained in this paragraph, and deny any wrongful

28  and/or unlawful acts.

68. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

69. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

70. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

71. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

72. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

**Count Three - Civ Code §52.1**

73. Defendants incorporate their responses above as though restated fully herein. There are no further charging allegations upon which to respond.

74. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

75. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

76. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

**Count Four - Civ Code §51.7**

77. Defendants incorporate their responses above as though restated fully herein. There are no further charging allegations upon which to respond.

78. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

79. Defendants deny the allegations contained in this paragraph, and deny any wrongful and/or unlawful acts.

**Count Five - Negligence**

80. Defendants incorporate their responses above as though restated fully herein. There

1    are no further charging allegations upon which to respond.

2  81. [MISSING]

3  82. [MISSING]

4  83. [MISSING]

5  84. [MISSING]

6  85. [MISSING]

7  86. [MISSING]

8  87. [MISSING]

9  88. [MISSING]

10  89. Admit. Defendants deny any wrongful and/or unlawful acts.

11  90. Admit. Defendants deny any wrongful and/or unlawful acts.

12  91. Admit. Defendants deny any wrongful and/or unlawful acts.

13  92. Admit (a) and (b). Defendants deny the allegations of subparagraph (c) and deny

14      any wrongful and/or unlawful acts.

15  93. Defendants deny the allegations contained in this paragraph, and deny any wrongful

16      and/or unlawful acts.

17  94. Defendants deny the allegations contained in this paragraph, and deny any wrongful

18      and/or unlawful acts.

19                          **Count Six - Assault and Battery**

20  95. Defendants incorporate their responses above as though restated fully herein.  There

21      are no further charging allegations upon which to respond.

22  96. Defendants deny the allegations contained in this paragraph, and deny any wrongful

23      and/or unlawful acts.

24  97. Defendants deny the allegations contained in this paragraph, and deny any wrongful

25      and/or unlawful acts.

26  98. Defendants deny the allegations contained in this paragraph, and deny any wrongful

27      and/or unlawful acts.

28                    **Count Seven - False Arrest / Imprisonment**

1    99.   Defendants incorporate their responses above as though restated fully herein.  There
2          are no further charging allegations upon which to respond.
3    100.  Defendants deny the allegations contained in this paragraph, and deny any wrongful
4          and/or unlawful acts.
5    101.  Defendants deny the allegations contained in this paragraph, and deny any wrongful
6          and/or unlawful acts.
7    102.  Defendants deny the allegations contained in this paragraph, and deny any wrongful
8          and/or unlawful acts.
9    103.  Defendants deny the allegations contained in this paragraph, and deny any wrongful
10         and/or unlawful acts.

11   **Count Eight - Tortious Interference with Contract and/or Economic Advantage**

12   104.  Defendants incorporate their responses above as though restated fully herein.
13         There are no further charging allegations upon which to respond.
14   105.  The allegation is vague and compound as to "at all material times" and accordingly
15         Defendants lack sufficient information to respond to that portion of the allegation,
16         and it is therefore denied.
17   106.  The allegation is vague and compound as to "at all material times" and accordingly
18         Defendants lack sufficient information to respond to that portion of the allegation,
19         and it is therefore denied.
20   107.  Defendants deny the allegations contained in this paragraph, and deny any wrongful
21         and/or unlawful acts.
22   108.  Defendants deny the allegations contained in this paragraph, and deny any wrongful
23         and/or unlawful acts.
24   109.  Defendants deny the allegations contained in this paragraph, and deny any wrongful
25         and/or unlawful acts.

26   **Prayer**

27         Responding to the Prayer set forth in the Complaint, Defendants deny plaintiff is
28   entitled to any relief whatsoever.

1  ///

2  **Affirmative Defenses**

3       AS AND FOR A FIRST AFFIRMATIVE DEFENSE, the Plaintiffs' Complaint fails to

4  state a claim upon which relief can be granted.

5       AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Plaintiffs were careless and

6  negligent in and/or about the matters referred to in said Complaint, and further that

7  Plaintiffs failed to exercise ordinary or any care for their own safety and such carelessness

8  and negligence on the part of Plaintiffs part proximately caused and contributed to the

9  damage, detriment or injury sustained by Plaintiffs if any, and that Plaintiffs' recovery

10 should therefore either be barred or reduced to the extent of Plaintiffs' own negligence.

11      AS AND FOR A THIRD AFFIRMATIVE DEFENSE, any harm suffered was a result

12 of a negligent or otherwise wrongful conduct of persons other than Defendants and that

13 the conduct of the persons other than Defendants was the sole and proximate cause of

14 the injuries and damages alleged by Plaintiffs.

15      AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, all actions taken by

16 Defendants, including actions of DOE Defendants, were undertaken in good faith and with

17 a reasonable belief that the actions were valid, necessary, constitutionally proper and

18 objectively reasonable for a police officer in the same circumstances, entitling Defendants

19 to qualified immunity from Plaintiffs' claimed injuries and damages.

20      AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Plaintiffs have failed to mitigate

21 their damages, if any.

22      AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants are entitled to

23 immunity under the Eleventh Amendment.

24      AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendants contend that

25 they are immune from liability pursuant to the Federal Civil Rights Act because they were

26 acting in good faith and entertained a reasonable belief that their actions were necessary.

27      AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants contend that

28 they are immune pursuant to the principals of qualified immunity.

1    AS AND FOR A NINTH AFFIRMATIVE DEFENSE, Defendants allege that they

2 have not deprived any person, including Plaintiffs, of any right, privilege, or immunity

3 guaranteed by the Constitution or laws of the United States or the State of California, and,

4 therefore, Defendant is not liable.

5    AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Defendants allege that the acts

6 or omissions set forth in the Complaint, even if proven true, constitute mere negligence

7 and were not intentional, willful or grossly negligent, and as a consequence, fail to state a

8 claim for relief.

9    AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants' actions

10 were objectively reasonable in light of the facts and circumstances confronting them, and

11 their conduct did not violate clearly established statutory or Constitutional rights of which a

12 reasonable person would have known.

13    AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, Plaintiffs' special damages,

14 if any, should be reduced to the actual amount(s) paid to health care providers for

15 services reasonably related to their injuries.

16    AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, these answering

17 Defendants allege all of the immunities and defenses afforded them by Sections 815

18 through 845 of the Government Code of the State of California.

19    AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, these answering

20 Defendants allege Plaintiffs' claims against Defendants are barred in that police officers

21 are allowed to use reasonable force to effect an arrest or detention per Penal Code

22 Sections 835 and 835(a).

23    AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, each of Plaintiffs' state

24 law claims are barred under the immunity afforded police officers under Government Code

25 Sections 820.2, 820.4 and 815.2(b).

26    AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' state law claims

27 are barred by Government Code Section 821.6.

28    AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, Plaintiffs are not

1    proper parties under C.C.P. §377.60.

2        AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, Defendants allege that

3    Plaintiffs have failed to allege facts sufficient to constitute a claim for punitive damages,

4    and that any claim for punitive damages against Defendant City of Santa Clara is barred

5    by California Government Code section 818.

6        AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, Defendants allege that

7    the complained-of conduct does not and cannot rise to the level of deliberate indifference

8    to Plaintiffs' rights or amount to conduct that shocks the conscience of the Court under the

9    facts and circumstances pled.

10       AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, Defendants allege that at

11   all relevant times alleged in the complaint, probable cause or reasonable suspicion existed

12   to detain and/or arrest plaintiffs.

13       AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE, Defendants allege

14   that they provided reasonable training and had reasonable policies and procedures in

15   place regarding any alleged conduct by their employees and/or agents regarding the First,

16   Fourth and Fourteenth Amendments and were therefore not deliberately indifferent to any

17   of plaintiff's Constitutional rights.

18       AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE, Defendants allege

19   that Plaintiffs' maintenance of this action is frivolous and vexatious, and not brought with

20   reasonable cause and in the good-faith belief that there was a justifiable controversy

21   under the facts and law which warranted the filing of the action. Thus, Defendant is

22   entitled to an award of attorneys' fees and costs pursuant to Code of Civil Procedure

23   section 1038.

24       AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE, Defendants allege

25   that this action is barred due to the doctrines of res judicata and/or collateral estoppel.

26       AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE, Defendants allege

27   that each and every cause of action in the Complaint is barred in that Plaintiffs have

28   waived any rights they may have had to the amounts claimed, or any amount at all.

1    AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE, Defendants allege

2   that Plaintiff is barred from obtaining injunctive relief or other equitable relief by reason of

3   the doctrine of unclean hands.

4    AS AND FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE, Defendants allege

5   that Plaintiff is barred from obtaining injunctive relief or other equitable relief by reason of

6   the doctrine of laches.

7    AS AND FOR A TWENTY SEVENTH AFFIRMATIVE DEFENSE, Defendants

8   allege that at no time did it act maliciously, willfully, or fraudulently to violate Plaintiff's

9   constitutional rights.

10    AS AND FOR A TWENTY EIGHTH AFFIRMATIVE DEFENSE, Defendants allege

11   any damages suffered by Plaintiff as alleged in the Complaint and its purported causes of

12   action were the sole, proximate or legal result of the acts and/or omissions of third parties

13   who were not acting within the course and scope of their employment with Defendant, and

14   who were not agents of Defendant.

15    AS AND FOR A TWENTY NINTH AFFIRMATIVE DEFENSE, Defendants allege

16   that at the time of the events alleged by Plaintiffs, the acts undertaken by Defendants

17   were necessary to prevent harm to Defendants, or to other third parties, or the public

18   interest, that resulted from Plaintiff's conduct.

19    AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, Defendants allege that the

20   facts alleged in plaintiffs' complaint constitute an isolated act of alleged unlawful behavior

21   which does not constitute an unconstitutional municipal policy, pattern or practice.

22    AS AND FOR A THIRTY FIRST AFFIRMATIVE DEFENSE, Defendants allege that

23   they had reasonable cause to believe that Plaintiffs had committed a crime at the time the

24   Plaintiffs were arrested and/or detained.

25    AS AND FOR A THIRTY SECOND AFFIRMATIVE DEFENSE, Defendants allege

26   that Plaintiffs' claims are barred because Plaintiff violated their duty not to use force to

27   resist arrest and/or detention.

28    AS AND FOR A THIRTY THIRD AFFIRMATIVE DEFENSE, Defendants allege that

1  the amount of force used to arrest and/or detain Plaintiffs would have appeared

2  reasonable to a peace officer Defendants' position under the same or similar

3  circumstances.

4       AS AND FOR A THIRTY FOURTH AFFIRMATIVE DEFENSE, Defendants allege

5  that Plaintiffs' claims are barred on the grounds that a peace officer is not required to

6  retreat or cease from his or her efforts because of the resistance or threatened resistance

7  of the person being arrested.

8       AS AND FOR A THIRTY FIFTH AFFIRMATIVE DEFENSE, Defendants allege that

9  Plaintiffs' claims related to the search of their home are barred because the search was

10  conducted pursuant to a valid search warrant, and the search did not in any manner

11  exceed the scope of the warrant.

12       AS AND FOR A THIRTY SIXTH AFFIRMATIVE DEFENSE, Defendants allege that

13  the arrest was completed pursuant to a valid arrest warrant that would have appeared

14  valid to a reasonably intelligent and informed person, and Defendants believed the

15  warrant was valid, and Defendants had a reasonable belief that Plaintiff was the person

16  referred to in the warrant.

17       AS AND FOR A THIRTY SEVENTH AFFIRMATIVE DEFENSE, Defendants allege

18  that the detention was not wrongful because they had reasonable suspicion, and therefore

19  a legal right to detain Plaintiffs for questioning or other limited investigation.

20       AS AND FOR A THIRTY EIGHTH AFFIRMATIVE DEFENSE, Defendants allege

21  that Defendants did not employ physical barriers, force, threats of force, menace, fraud,

22  deceit, and/or unreasonable duress during the detention of Plaintiffs.

23       AS AND FOR A THIRTY EIGHTH AFFIRMATIVE DEFENSE, Defendants allege

24  that they had reasonable grounds for obtaining a search warrant and/or arrest warrant

25  because they made full and honest disclosure of all the important facts known to them  to

26  the district attorney, and they reasonably relied on the district attorney's advice.

27       AS AND FOR A THIRTY NINTH AFFIRMATIVE DEFENSE, Defendants allege that

28  they did not entertain any ulterior motive, and did not commit a wilful act in a wrongful

1  manner, and therefore Plaintiffs' claims of malicious prosecution are barred.

2      AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE, Defendants allege that

3  Plaintiffs' claims of supervisorial liability are barred because the supervisors were not

4  personally involved in the alleged constitutional deprivation and/or there is not a sufficient

5  causal connection between the supervisor's alleged unlawful conduct and the alleged

6  constitutional violation and/or the alleged supervisory conduct did not constitute a reckless

7  or callous indifference to the rights of others.

8      AS AND FOR A FORTY FIRST AFFIRMATIVE DEFENSE, Defendants allege that

9  the force employed in this case was reasonably necessary under the circumstances in

10  that a reasonable law enforcement officer would have used similar force under the same

11  or similar circumstances.

12      AS AND FOR A FORTY SECOND AFFIRMATIVE DEFENSE, Defendants allege

13  that there was no excessive or unnecessary destruction of property during the course of

14  the search.

15      AS AND FOR A FORTY THIRD AFFIRMATIVE DEFENSE, Defendants allege that

16  Plaintiffs claims are barred because they consented to the search.

17      AS AND FOR A FORTY FOURTH AFFIRMATIVE DEFENSE, Defendants allege

18  that Plaintiffs claims related to the warrantless search are barred because a search

19  warrant was not required in that (1) a reasonable officer would have believed that, under

20  the circumstances, there was not enough time to get a search warrant because entry or

21  search was necessary to prevent physical harm to the officer or other persons and/or the

22  destruction or concealment of evidence, and/or (2) the search was reasonable under the

23  totality of the circumstances.

24      AS AND FOR A FORTY FIFTH AFFIRMATIVE DEFENSE, Defendants allege that

25  Plaintiffs claims related to entry upon their property are barred on the grounds that a

26  public employee is not liable for any injury arising out of his entry upon any property

27  where such entry is expressly or impliedly authorized by law.

28      AS AND FOR A FORTY SIXTH AFFIRMATIVE DEFENSE, Defendants allege that

1    Plaintiffs' claims are barred because Defendants did not have any discriminatory intent.

2        WHEREFORE, Defendant prays as follows:

3        1.    Dismissal of Plaintiffs' Complaint with prejudice;

4        2.    Plaintiffs take nothing by reason of their Complaint;

5        3    Defendants be awarded costs of suit;

6        4.    Defendants be awarded reasonable attorney's fees; and,

7        5.    For such other and further relief as the Court deems appropriate.

8                        **Jury Demand**

9        Defendants hereby request a jury trial.

10

11    Dated: June 16, 2015                    RANKIN | STOCK | HEABERLIN

12

13                            By:    /S/

14                                SUJATA T. REUTER
                                Attorneys for Defendants:

15

16

17

18

19

20

21

22

23

24

25

26

27

28